CRAIG S. RITCHEY   (SBN 45829)
JOHN G. HURSH   (SBN 113149)
PATRICIA A. WELCH   (SBN 127889)
KAREN E. WENTZEL   (SBN 112179)
DORSEY & WHITNEY LLP
1717 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 857-1717
Facsimile: (650) 857-1288
E-Mail:   efilingpa@dorsey.com
          ritchey.craig@dorsey.com
          hursh.jack@dorsey.com
          welch.patricia@dorsey.com
          wentzel.karen@dorsey.com

Attorneys for Plaintiff
MAITA DISTRIBUTORS, INC. OF
SAN MATEO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MAITA DISTRIBUTORS, INC. OF SAN MATEO, a California corporation<br><br>Plaintiff,<br><br>v.<br><br>DBI BEVERAGE INC., a Tennessee corporation,<br><br>Defendant. | CASE NO. 5:09-CV-02318 RMW<br><br>JOINT CASE MANAGEMENT CONFERENCE STATEMENT<br><br>HEARING DATE:   July 17, 2009<br>TIME:   10:30 a.m.<br>DEPT:   Courtroom 6, 4th Floor |

Pursuant to this Court's order of July 10, 2009, Plaintiff Maita Distributors, Inc. of San Mateo ("Maita"), Defendant DBI Beverage, Inc. ("DBI") and Intervenor MillerCoors LLC ("MillerCoors") submit the following Joint Case Management Conference Statement:

I.   **INTERVENTION BY MILLERCOORS**

There is no objection by any party to the intervention of MillerCoors on issues in which it has a direct interest.

II.   **ISSUES TO BE RESOLVED IN MAITA'S DECLARATORY RELIEF ACTION**

The parties agree that the following issues must be resolved as part of Maita's action for declaratory relief:

-1-

1.      Does Business & Professions Code § 25000.2 apply to a contract that is terminable only for cause?

2.      If so, is § 25000.2 an unconstitutional impairment of contracts as applied?

3.      Is DBI a proper successor beer wholesaler under § 25000.2?

4.      Does § 25000.2 apply where the existing wholesaler already distributes all of the affected brands?

5.      Did DBI meet the condition precedent of good faith negotiation as required by § 25000.2?

6.      Is MillerCoors a "successor beer manufacturer" under the terms of § 25000.2?

<u>As to Issue No. 6</u>:

Maita contends that the "successor beer manufacturer issue" (Issue No. 6) will be factually intensive and will require more time to develop than is possible for a November evidentiary hearing.  Accordingly, Maita proposes that the court defer this issue for a later trial if necessary after resolution of the other issues.  As set forth below, Maita intends to file a motion for summary judgment on Issues 1 – 4, and Issue No. 5 presents more limited factual issues.  Therefore, as to those issues, Maita agrees that a November hearing is possible assuming the full cooperation of the parties.

DBI and MillerCoors oppose the deferral of this issue, and contend that it should also be heard on an expedited basis as part of a November trial.

<u>As to Issue No. 3</u>:

DBI contends Issue No. 3 is not currently pled in Maita's complaint and believes that notice and orderly case management is served if Maita amends its pleading to set forth that claim.

Maita believes that DBI has had sufficient notice of this claim but is willing to amend its complaint to more specifically allege this issue if the court requires it.

III.   **<u>SCOPE OF DISCOVERY</u>**

**A.  Maita Discovery**

Maita anticipates discovery on Issues 1, 2, 3, and 4, and intends to file a motion for

summary judgment on those issues. The discovery includes production of documents :

    a.    That constitute or relate to the terms of the agreements between Maita and MillerCoors or its predecessors

    b.    That constitute or reflect communications between MillerCoors and DBI Beverage, Inc regarding the acquisition of any California distribution rights in the past 5 years

    c.    That relate to DBI Beverage, Inc.'s qualification to do business in California and license to distribute beer in California

    d.    That relate to the effect on Maita's business of losing its Miller and/or Coors distribution rights

    e.    That constitute, relate to or reflect and communications between DBI and Crown Imports, LLC regarding the distribution of Crown products in San Mateo County.

        Depending on the documents produced, depositions of DBI and MillerCoors employees may follow the production of these documents.

        As to Issue No. 5, Maita requires documents and depositions that will lead to the discovery of relevant evidence concerning the following:

    a.    Negotiations, offers, agreements or transactions between DBI and other distributors in California in the last 5 years relating to beer distribution rights and other assets;

    b.    Negotiations, offers, agreements or transactions involving the transfer of Miller and Coors distribution rights in California in the last 5 years;

    c.    Communications between DBI and MillerCoors regarding the Maita business and/or distribution rights;

    d.    The value of Maita's distribution rights to DBI;

    e.    Discussions, negotiations, proposals, offers or agreements between DBI and Maita in 2008 – 2009 re Maita beer distribution rights and other assets.

**B. MillerCoors Discovery**

At this time, and without waiving its right to seek additional discovery on other issues, MillerCoors anticipates discovery on issues 1, 2, and 4 as well as on the successor manufacturer issue. MillerCoors expects this will take the form of requests for admission and contention interrogatories.

**C. DBI Discovery**

DBI intends to seek discovery on, at least, issues 3, 4 and 5 and expects this discovery will take the form of document requests, contention interrogatories and requests for admission, and depositions of witnesses percipient to the negotiations between Maita and DBI. This is without prejudice to DBI pursuing discovery on the other issues Maita raises.

**IV.    PROPOSED PROCEDURE FOR RESOLUTION OF DISCOVERY DISPUTES**

To assure completion of discovery, the parties propose that discovery disputes be heard on 15 days written notice, with opposition briefs due 7 days prior to the hearing and reply briefs due 3 days prior to the hearing.

**V.    PROPOSED SCHEDULE**

Subject to the court's availability, the parties have agreed on the following schedule:

July 24, 2009:  Document demands exchanged

August 14, 2009:  Responsive documents and objections

September 30, 2009:  Percipient witness depositions completed

October 2, 2009:  Designation of Experts

October 16, 2009:  Last Day to Hear Dispositive Motions

October 23, 2009:  Expert Discovery Completed

October 30, 2009:  Joint Pretrial Conference Statement

November 6, 2009:  Pretrial Conference

November 16, 2009:  Trial

**VI.    MAITA'S REQUEST TO DELAY ARBITRATION**

Maita believes that the simultaneous prosecution of both this proceeding and the arbitration proceeding will cause unnecessary burden and expense, and that a delay of the

arbitration until after the November trial would not prejudice any party.  It requests that the court enter a stay of the arbitration until after the November trial is completed.

DBI and MillerCoors oppose any delay of the currently scheduled arbitration on December 7, 2009. DBI and MillerCoors note that Maita first raised this issue before the San Mateo Superior Court, which ordered the arbitration go forward while allowing Maita to pursue any claims it wished.  Thereafter, and on the same day, Maita raised the issue before the Santa Clara County Superior Court, former plaintiff Mussetter raised the issue before the Placer County Superior Court, and Elyxir raised this same issue before the Placer County Superior Court, presented letter briefs to JAMS.  No stay has been granted and none should be by this Court.

## VII.   CONSOLIDATION OF MAITA AND MUSSETTER CASES

The related case of Mussetter Distributing, Inc. v. DBI Beverage, Inc. has been transferred to the Northern District from the Eastern District of California.  The case is presently assigned to Judge Fogel.  All parties agree that this matter may be transferred to this court.

Mussetter has filed a motion for summary judgment on the issue of whether DBI met the condition precedent of timely filing under Business & Professions Code § 25000.2, and asked that it be heard on August 21, 2009.  If Mussetter is successful on this motion, it will be dispositive of the entire case as to Mussetter.  This argument does not apply to Maita.

If the summary judgment is denied, Mussetter and Maita will share Issues 1, 2,  3 and 6 above.  Issues 4 and 5 apply only to Maita.  Maita and Mussetter will file motions for summary judgment on Issues 1, 2, and 3 that will be similar although not identical.  The factual basis for the unconstitutional impairment of contract argument is different for the two parties.  Maita also plans to seek summary judgment as to Issue 4.  Depending on the outcome of the motions for summary judgment, the parties agree that the court should revisit to what extent the two cases should be consolidated for further motions and trial.

\\\

\\\

\\\

JOINT CASE MANAGEMENT CONFERENCE STATEMENT                                    5:09-CV-02318 RMW

1   DATED: July 16, 2009              DORSEY & WHITNEY LLP

2

3                                         By: _____/s/_____

4                                         JOHN G. HURSH
                                        Attorneys for Plaintiff

5                                         ELYXIR DISTRIBUTING LLC

  DATED: July 16, 2009              SHEPPARD, MULLIN, RICHTER &
6                                         HAMPTON LLP

7

8                                         By: _____/s/_____

9                                         MARK K. SLATER
                                        Attorneys for Defendant

10                                      DBI BEVERAGE INC.

  DATED: July 16, 2009              ROBINSON & WOOD, INC.
11

12

13                                         By: _____/s/_____
                                        JESSE RUIZ

14                                         Attorneys for Intervenor
                                        MILLERCOORS LLC

15                <u>Filer's Attestation of Concurrence by Signatory</u>

16           I, John G. Hursh, counsel for Maita Distributors, Inc. of San Mateo, hereby attest that I

17 have obtained the concurrence of Mark K. Slater and Jesse Ruiz in the filing of this document.

18                             _____/s/_____

19                             JOHN G. HURSH

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT CONFERENCE STATEMENT           5:09-CV-02318 RMW