*See Next Page for Complete Counsel Information*        *ORDER E-FILED 8/31/2009*
*for All Parties*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MAITA DISTRIBUTORS, INC. OF SAN MATEO, a California corporation, | CASE NO. 5:09-CV-02318-RMW |
| Plaintiff, | STIPULATION & ORDER REGARDING CONFIDENTIALITY |
| v. | **(MODIFIED BY THE COURT)** |
| DBI BEVERAGE, INC., a Tennessee corporation, | Complaint Filed (in State Court): May 6, 2009 |
| Defendant. | |
| MILLERCOORS, LLC, a Delaware limited liability company, | Matter Removed on: May 26, 2009 |
| Intervenor. | Judge:  Hon. Ronald M. Whyte |

1  CRAIG S. RITCHEY    (SBN 45829)
   JOHN G. HURSH    (SBN 113149)
2  PATRICIA A. WELCH    (SBN 127889)
   KAREN E. WENTZEL    (SBN 112179)
3  DORSEY & WHITNEY LLP
   1717 Embarcadero Road
4  Palo Alto, CA 94303
   Telephone:  (650) 857-1717
5  Facsimile:  (650) 857-1288
   E-Mail:  efilingpa@dorsey.com
6           hursh.jack@dorsey.com
            ritchey.craig@dorsey.com
7           welch.patricia@dorsey.com
            wentzel.karen@dorsey.com
8
   Attorneys for Plaintiff
9  MAITA DISTRIBUTORS, INC. OF SAN MATEO,
   a California corporation
10

11

12  MARK K. SLATER    (SBN 129742)
    JONATHAN P. HERSEY    (SBN 189240)
13  ELISE K. SARA    (SBN 253813)
    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
14  4 Embarcadero, 17th Floor
    San Francisco, CA 94111-4109
15  Telephone:  415-434-9100
    Facsimile:  415-434-3947
16  E-mail:  mslater@sheppardmullin.com
             jhersey@sheppardmullin.com
17           esara@sheppardmullin.com

18  Attorneys for Defendant
    DBI BEVERAGE INC.

19

20

21  JESSE RUIZ    (SBN 77984)
    ROBINSON & WOOD, INC.
22  227 North First Street
    San Jose, CA  95113
23  Telephone:  408-298-7120
    Facsimile:  408-298-0477
24  E-mail:  jfr@robinsonwood.com

25  Attorney for Intervenor
    MILLERCOORS, LLC

26

27

28

1.   <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2.   <u>DEFINITIONS</u>

2.1   <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2   <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3   <u>"Confidential" Information or Items</u>:  information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4   <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u>:  extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material

1  from a Producing Party.

2          2.6    Producing Party:  a Party or non-party that produces Disclosure or

3  Discovery Material in this action.

4          2.7    Designating Party:  a Party or non-party that designates information or

5  items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly

6  Confidential — Attorneys' Eyes Only."

7          2.8    Protected Material:  any Disclosure or Discovery Material that is

8  designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

9          2.9    Outside Counsel:  attorneys who are not employees of a Party but who are

10 retained to represent or advise a Party in this action.

11         2.10   House Counsel:  attorneys who are employees of a Party.

12         2.11   Counsel (without qualifier):  Outside Counsel and House Counsel (as well

13 as their support staffs).

14         2.12   Expert:  a person with specialized knowledge or experience in a matter

15 pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert

16 witness or as a consultant in this action and who is not a past or a current employee of a Party or

17 of a competitor of a Party's and who, at the time of retention, is not anticipated to become an

18 employee of a Party or a competitor of a Party's.  This definition includes a professional jury or

19 trial consultant retained in connection with this litigation.

20         2.13   Professional Vendors:  persons or entities that provide litigation support

21 services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;

22 organizing, storing, retrieving data in any form or medium; etc.) and their employees and

23 subcontractors.

24     3.    SCOPE

25         The protections conferred by this Stipulation and Order cover not only Protected Material

26 (as defined above), but also any information copied or extracted therefrom, as well as all copies,

27 excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by

28 parties or counsel to or in court or in other settings that might reveal Protected Material.

STIPULATION & ORDER RE CONFIDENTIALITY                                    5:09-CV-02318 RMW

4.    <u>DURATION</u>

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  **For a period of six months after the final termination of this action, this court will retain jurisdiction to enforce the terms of this order.**

5.    <u>DESIGNATING PROTECTED MATERIAL</u>

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top

of each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top of each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

(b)     for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is

sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").  Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

(c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge

1    promptly after the original designation is disclosed.

2             6.2    <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a

3    Designating Party's confidentiality designation must do so in good faith and must begin the

4    process by conferring directly (in voice to voice dialogue; other forms of communication are not

5    sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must

6    explain the basis for its belief that the confidentiality designation was not proper and must give

7    the Designating Party an opportunity to review the designated material, to reconsider the

8    circumstances, and, if no change in designation is offered, to explain the basis for the chosen

9    designation.  A challenging Party may proceed to the next stage of the challenge process only if

10    it has engaged in this meet and confer process first.

11             6.3    <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a

12    confidentiality designation after considering the justification offered by the Designating Party

13    may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule

14    79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the

15    challenge.  Each such motion must be accompanied by a competent declaration that affirms that

16    the movant has complied with the meet and confer requirements imposed in the preceding

17    paragraph and that sets forth with specificity the justification for the confidentiality designation

18    that was given by the Designating Party in the meet and confer dialogue.

19             The burden of persuasion in any such challenge proceeding shall be on the

20    Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the

21    material in question the level of protection to which it is entitled under the Producing Party's

22    designation.

23        7.      <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

24             7.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is

25    disclosed or produced by another Party or by a non-party in connection with this case only for

26    prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be

27    disclosed only to the categories of persons and under the conditions described in this Order.

28    When the litigation has been terminated, a Receiving Party must comply with the provisions of

1  section 11, below (FINAL DISPOSITION).

2             Protected Material must be stored and maintained by a Receiving Party at a

3  location and in a secure manner that ensures that access is limited to the persons authorized

4  under this Order.

5             7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless

6  otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving

7  Party may disclose any information or item designated CONFIDENTIAL only to:

8             (a)     the Receiving Party's Outside Counsel of record in this action, as

9  well as employees of said Counsel to whom it is reasonably necessary to disclose the information

10 for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is

11 attached hereto as Exhibit A;

12            (b)     the officers, directors, and employees (including House Counsel)

13 of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who

14 have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

15            (c)     experts (as defined in this Order) of the Receiving Party to whom

16 disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

17 Bound by Protective Order" (Exhibit A);

18            (d)     the Court and its personnel;

19            (e)     court reporters, their staffs, and professional vendors to whom

20 disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

21 Bound by Protective Order" (Exhibit A);

22            (f)     during their depositions, witnesses in the action to whom

23 disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by

24 Protective Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to

25 depositions that reveal Protected Material must be separately bound by the court reporter and

26 may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

27            (g)     the author of the document or the original source of the

28 information.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"  Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)     the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b)     Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).

(c)     the Court and its personnel;

(d)     court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

(e)     the author of the document or the original source of the information.

8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must

1  deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that

2  caused the subpoena or order to issue.

3      The purpose of imposing these duties is to alert the interested parties to the existence of

4  this Protective Order and to afford the Designating Party in this case an opportunity to try to

5  protect its confidentiality interests in the court from which the subpoena or order issued.  The

6  Designating Party shall bear the burdens and the expenses of seeking protection in that court of

7  its confidential material – and nothing in these provisions should be construed as authorizing or

8  encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9      9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

10      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

11  Material to any person or in any circumstance not authorized under this Stipulated Protective

12  Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

13  unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material,

14  (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

15  this Order, and (d) request such person or persons to execute the "Acknowledgment and

16  Agreement to Be Bound" that is attached hereto as Exhibit A.

17      10.    FILING PROTECTED MATERIAL.  Without written permission from the

18  Designating Party or a court order secured after appropriate notice to all interested persons, a

19  Party may not file in the public record in this action any Protected Material.  A Party that seeks

20  to file under seal any Protected Material must comply with Civil Local Rule 79-5.

21      11.    FINAL DISPOSITION.  Unless otherwise ordered or agreed in writing by the

22  Producing Party, within sixty days after the final termination of this action, each Receiving Party

23  must return all Protected Material to the Producing Party.  As used in this subdivision, "all

24  Protected Material" includes all copies, abstracts, compilations, summaries or any other form of

25  reproducing or capturing any of the Protected Material.  With permission in writing from the

26  Designating Party, the Receiving Party may destroy some or all of the Protected Material instead

27  of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party

28  must submit a written certification to the Producing Party (and, if not the same person or entity,

to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

  12. <u>MISCELLANEOUS</u>

   12.1 <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

   12.2 <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:  August 27, 2009     DORSEY & WHITNEY LLP


          By:_____/s/_____
            JOHN G. HURSH
            Attorneys for Plaintiff
            MAITA DISTRIBUTORS, INC. OF SAN
            MATEO

DATED:  August 27, 2009     SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


          By:_____/s/_____
            MARK K. SLATER
            Attorneys for Defendant
            DBI BEVERAGE INC.

1    DATED:  August 27, 2009                    ROBINSON & WOOD, INC.

2

3                                               By:_____/s/_____
                                                     JESSE RUIZ
4                                                    Attorneys for Intervenor
                                                     MILLERCOORS, LLC
5

6                        Filer's Attestation of Concurrence by Signatory

7         I, John G. Hursh, counsel for Maita Distributors, Inc. of San Mateo, hereby attest that I

8    have obtained the concurrence of Mark K. Slater and Jesse Ruiz in the filing of this document.

9                                         _____/s/_____
                                                JOHN G. HURSH
10

11                                          ORDER
                               **AS MODIFIED BY THE COURT,**
12        PURSUAT TO STIPULATION, IT IS SO ORDERED.

13   DATED:  __ August 31, 2009 ___

14

15                               _____

16                                  XXXXXXX XXXXXXX
                                    XXXXXX XXXXXXXX XXXXXXXX

17                                  HOWARD R. LLOYD
                               UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28

---
STIPULATION & ORDER RE CONFIDENTIALITY                          5:09-CV-02318 RMW

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____, 200___ in the case of *Maita Distributors, Inc. of San Mateo v. DBI Beverage, Inc.*, Case No. 5:09-cv-02318-RMW.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed:

_____

Printed name: _____
                            [printed name]

Signature: _____
                            [signature]